## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR ALAN HENDERSON, JR., | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO. |
| | : |
| v. | : |
| | : |
| SEASONS HOSPICE & PALLIATIVE CARE OF | : PLAINTIFF REQUESTS TRIAL BY JURY |
| PENNSYLVANIA, LLC; | : |
| DIANE WOJCIECHOWSKI (*individually*) | : |
| THERESA BERGERON (*individually*) | : |
| (*collectively* "Defendants") | : |
| | : |
| Defendants. | : |
| | : |

## COMPLAINT

PLAINTIFF, ARTHUR ALAN HENDERSON, JR., by and through undersigned counsel hereby files this Amended Civil Action Complaint against Defendants, SEASONS HOSPICE & PALLIATIVE CARE OF PENNSYLVANIA, LLC, INC., DIANE WOJCIECHOWSKI (individually), and THERESA BERGERON , and avers the following:

## PARTIES

1.      PLAINTIFF, Arthur Alan Henderson (hereinafter also referred to as "PLAINTIFF") is an individual, sixty-nine (69) years old, who currently resides in the Commonwealth of Pennsylvania with an address for purposes of correspondence at 552 Heather Lane, Aston, PA 19104.

2.      Defendant, SEASONS HOSPICE & PALLIATIVE CARE OF PENNSYLVANIA, LLC (hereinafter also referred to as "SEASONS") was and still is a miscellaneous corporation organized and existing by virtue of the laws of the Commonwealth of

1

Pennsylvania with its principal place of business located at 2200 Renaissance Boulevard, King of Prussia, PA 19406.

3.      Defendant, DIANE WOJCIECHOWSKI (hereinafter also referred to as "Defendant WOJCIECHOWSKI") was and is still employed by Defendant SEASONS in an executive capacity.

4.      Defendant WOJCIECHOWSKI is a female, and substantially younger than PLAINTIFF.

5.      At all relevant times Defendant WOJCIECHOWSKI maintained supervisory authority over PLAINTIFF as the Vice President of Operations.

6.      Defendant THERESA BERGERON (hereinafter also referred to as "Defendant BERGERON") was and is still employed by Defendant SEASONS as the Director of Marketing.

7.      Defendant BERGERON is a female, and substantially younger than PLAINTIFF.

8.      At all relevant times Defendant BERGERON maintained supervisory authority over PLAINTIFF as the National Director of Human Resources for the Northeast.

9.      At all relevant times, Plaintiff was an employee of Defendants and entitled to protections under the ADEA and the PHRA.

### NATURE OF THE CASE

10.      Plaintiff complains pursuant to the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRA"), PHRA § 955(d), PHRA § 955(e), PHRA § 955, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. ("ADEA") and seeks damages to redress the injuries Plaintiff has suffered as a result of being harassed and discriminated against on the basis of his age and retaliated against by his employer for reporting and opposing the discrimination and harassment in the workplace.

**JURISDICTION AND VENUE**

11.     The action involves a Questions of Federal Law under ADEA and the PHRA. The honorable Court also had supplemental jurisdiction over the Commonwealth Law Causes of Action.

12.     Venue is proper in the Eastern District of Pennsylvania as PLAINTIFF was employed by Defendant and worked in the Montgomery County in the Commonwealth of Pennsylvania where the discrimination, harassment and hostile work environment complied of occurred.

13.     On or about January 6, 2022, the EEOC issued and sent a Dismissal and Notice of Rights (17F202160484) to PLAINTIFF which set forth the requirement that Plaintiff file a civil action within ninety (90) days of Dismissal and Notice of Rights.

14.     This action is hereby commenced within ninety (90) days of receipt of the Dismissal and Notice of Rights which was dated and was sent January 6, 2022.

**MATERIAL FACTS**

15.     PLAINTIFF was born December 18, 1952, and is currently sixty-nine (69) years old. PLAINTIFF began his employment with DEFENDANTS when he was sixty-eight (68) years old.

16.     In or around March 2020, Defendant SEASONS' Senior Recruiter, Hannah Tomlinson contacted PLAINTIFF to apply for the position of Executive Director.

17.     On March 18, 2020, following three (3) virtual interviews, Defendant SEASONS hired PLAINTIFF as an Executive Director.

18.     Shortly thereafter, PLAINTIFF began onboarding and orientation with DEFENDANTS.  Prior to PLAINTIFF'S onboarding and orientation, DEFENDANTS had not meet PLAINTIFF in physically in person.

19.     At no time during PLAINTIFF's employment did DEFENDANTS reprimand PLAINTIFF for any alleged performance issues.

20.     On or around August 3, 2020, Defendant WOJCIECHOWSKI fired PLAINTIFF. Defendant WOJCIECHOWSKI did not provide PLAINTIFF with a reason for the termination.

21.     Following PLAINTIFF's termination, on multiple occasions PLAINTIFF requested DEFENDANTS provide him a reason for his termination.   Despite same, DEFENDANTS would not provide PLAINTIFF a reason for his termination.

22.     In reality DEFENDANTS terminated PLAINTIFF because of his age.

23.     PLAINTIFF later learned, only after filing complaints with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission, that DEFENDANTS terminated his employment for alleged poor work performance.  Defendants have not provided any examples of PLAINTIFF'S alleged poor work performance.

24.     Further, between 2017 and 2020, DEFENDANTS discharged three (3) employees ages 54, 58, 65.

25.     On or around September 28, 2020, DEFENDANTS replaced PLAINTIFF with an employee substantially younger than PLAINTIFF.

26.     DEFENDANTS' decision to terminate PLAINTIFF'S employment due to PLAINTIFF'S age was willful and made with full knowledge of the law.  Accordingly, PLAINTIFF demands punitive damages against all DEFENDANTS jointly and severally.

27.     PLAINTIFF claims that DEFENDANTS unlawfully discriminated against PLAINTIFF because of his age and because the complained of an opposed the unlawful conduct of DEFENDANTS related to the above protected class.

28.     PLAINTIFF further claims constructive and/or actual discharge to the extent PLAINTIFF is terminated from PLAINTIFF 's position as a result of the unlawful discrimination and retaliation.

29.     The above are just some examples, of some of the discrimination and retaliation to which DEFENDANTS subjected PLAINTIFF to on a continuous and on-going basis throughout PLAINTIFF 's employment.

30.     The DEFENDANTS have exhibited a pattern and practice of not only discrimination but also retaliation.

31.     PLAINTIFF claims alternatively that PLAINTIFF is an Independent Contractor, and PLAINTIFF makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors. Furthermore, in such case, PLAINTIFF claims that DEFENDANT owed and breached its duty to PLAINTIFF to prevent the harassment, discrimination, and retaliation and is liable therefore for negligence.

32.     PLAINTIFF claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

**COUNT I**
**DISCRIMINATION AND DISPARATE**
**TREATMENT – WRONGFUL TERMINATION**
**AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)**

33.     Plaintiff hereby incorporates all allegations contained in the paragraphs above. Defendant is an employer under the ADEA, 29 U.S.C. §630, as it is engaged in an industry

affecting commerce and has/had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year

34.    Plaintiff is an employee under the ADEA as he is an individual employed by an employer.

35.    Plaintiff is protected under the ADEA as he is at least forty (40) years of age. Plaintiff is further protected under the ADEA from discrimination and disparate treatment in relation/contrast to persons substantially younger.

36.    Defendant violated the ADEA by disparately treating Plaintiff based on age by terminating Plaintiff, among other examples.

37.    At all times, Plaintiff remained qualified and capable for all positions worked and/or available for Plaintiff.

38.    Further, Plaintiff was retaliated against by his employers for his opposition to the discriminatory treatment he endured and for reporting that treatment to Defendants.

39.    As a direct and proximate result of Defendant's discrimination and disparate treatment, Plaintiff has suffered loss of wages (backpay) and loss of benefits up through the date of any determination.

40.    As Defendant's actions were willful and/or Defendant showed a reckless disregard for whether its discriminatory and disparate conduct was/were prohibited, Plaintiff is entitled to liquidated damages, which doubles the Plaintiff's backpay damages.

41.    As a direct and proximate result of Defendant's discrimination and disparate treatment, Plaintiff has suffered loss of wages and loss of benefits into the reasonable future (front pay) including wage loss and loss of benefits, and thus Plaintiff is entitled to a present-day value for those lost future earnings.

42.     Plaintiff further seeks equitable remedies including a change to Defendant's discriminatory conduct and/or reinstatement.

## COUNT II
## DISCRIMINATION AND HOSTILE WORK
## ENVIRONMENT DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

43.     Plaintiff hereby incorporates all allegations contained in the paragraphs above.

44.     Section 626 of the ADEA provided it shall be unlawful for an employer:

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against an individual with respect to their compensation, terms, conditions or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify their employees in any way which would deprive or tent to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

(3) to reduce the wage rate of any employee in order to comply with this chapter.

(4) It Shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age.

45.     Defendants engaged in unlawful employment practices prohibited by Section 626 of the ADEA by discriminating against Plaintiff because of his age.

46.     Defendants' age-based conduct were severe and pervasive and occurred on a daily and/or weekly basis so that Plaintiff could not escape the discrimination and harassment in the workplace.

47.     Accordingly, Plaintiff was subjected to a hostile work environment due to Plaintiff's age.

48.     Defendants' conduct was severe in that Defendants engaged in acts of discrimination and harassment whereby a single act of Defendants' harassment was sufficient to create a hostile work environment.

49.     Defendants' conduct was pervasive in that Defendants continually subjected Plaintiff to abuse, ridicule, insults, criticism, contempt, and scorn, day after day so that Plaintiff was forced to endure age-based discrimination and harassment in the workplace on a daily and/or weekly basis.

**COUNT III**
**RETALIATION UNDER THE AGE**
**DISCRIMINATION IN EMPLOYMENT ACT(ADEA)**

50.     Plaintiff hereby incorporates all allegations contained in the paragraphs above.

51.     Section 623 (d) of the ADEA states the following:

"It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or application for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."

52.     Defendants violated Section 623 (d) of the ADEA because Defendants discriminated against Plaintiff due to Plaintiff's complaints of Defendants' unlawful employment practices as previously set forth herein.

53.     Plaintiff opposed and/or reported the continual discrimination and harassment in the workplace and Defendants conduct continued and ratcheted up.

54.     Moreover, Plaintiff was subjected to diciplinary measures such as counseling and termination after Plaintiff opposed and/or reported the discrimination and harassment in the workplace.

## COUNT IV
## DISCRIMINATION UNDER STATE LAW

55.     Plaintiff hereby incorporates all allegations contained in the paragraphs above.

56.     The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

57.     Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's age.

58.     Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

## COUNT V
## RETALIATION UNDER STATE LAW

59.     Plaintiff hereby incorporates all allegations contained in the paragraphs above.

60.     PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: "For any person, employer, employment agency or labor organization to discriminate in any manner

against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

61.     Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## COUNT VI
## DISCRIMINATION UNDER STATE LAW

62.     Plaintiff hereby incorporates all allegations contained in the paragraphs above.

63.     PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice.

64.     Defendants engaged in an unlawful discriminatory practice in violation of PHRA §955(e) by committing assault and battery, aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## COUNT VII
## DISCRIMINATION UNDER STATE LAW – AIDING AND ABETTING

65.     Plaintiff hereby incorporates all allegations contained in the paragraphs above.

66.     PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory

practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

67.     Defendants engaged in an unlawful discriminatory practice in violation of PHRA §955(e) by committing assault and battery, aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

68.     The individually named Defendants took active part by aiding, abetting, compelling, and inciting the discrimination and harassment described in detail above.

69.     Any individuals who may not have had direct supervisory authority over Plaintiff are still subject to individual liability under this section as they actively took unlawful action against Plaintiff pursuant to the direction, instruction, and sanctioning of individuals with direct supervisory authority over Plaintiff.

70.     Individuals without supervisory authority act with supervisory authority when they carry out unlawful discriminatory conduct at the direction and with the express authorization of individuals with supervisory authority.

### JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount to be determined at the time of trial plus interest, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

11

**DEREK SMITH LAW GROUP, PLLC**

By:   /s/Erica A. Shikunov
       Erica A. Shikunov, Esquire
       1835 Market Street, Suite 2950
       Philadelphia, Pennsylvania 19103
       Phone: 215.391.4790
       Email: erica@dereksmithlaw.com

DATED: April 5, 2022